IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PORTIS, | No. C 07-2807 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| Sergeant EVANS, Correctional Officer FESTUS, and Correctional Officer ALVEREZ, | |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, has filed a pro se civil rights complaint under 42 U.S.C. 1983 challenging the conditions of his confinement. The complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

The State of California provides its inmates and parolees the right to appeal

administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38. A prisoner need not proceed further and also exhaust state judicial remedies. *Jenkins v. Morton*, 148 F.3d 257, 259-60 (3d Cir. 1998). Nor is a prisoner required to comply with the California Tort Claims Act and present his claims to the State Board of Control in order to fulfill the exhaustion requirement. *Rumbles v. Hill*, 182 F.3d 1064, 1070 (9th Cir. 1999), *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001).

Although nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *Id.*

Plaintiff states in his amended complaint that he did not appeal his claims to the highest level of administrative appeal available to him (Amend. Compl. at 2). Thus, it is clear from the amended complaint that plaintiff has conceded to not exhausting his claims. It therefore must be dismissed.

This case is **DISMISSED** without prejudice to filing a new case after exhausting. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\PORTIS807.DSM.wpd